UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
HOSSAM ARAFA,

                          Plaintiff,

            - against -

STATE OF NEW YORK; TROY PRESCOD;
and SOCIAL SECURITY
ADMINISTRATION,

                         Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-4475 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

On July 18, 2022, Plaintiff filed a *pro se* Complaint in the United States District Court for the Southern District of New York against the State of New York ("New York"), the Social Security Administration ("SSA"), and New York City Police Department ("NYPD") Detective Troy Prescod (collectively, "Defendants") seeking damages for alleged violations of his constitutional rights. On July 29, 2022, the case was transferred to this Court. For the reasons set forth below, Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted and all claims against named Defendants are dismissed. Plaintiff is granted thirty (30) days to file an amended complaint against the unnamed NYPD police officers for alleged ongoing violations of his constitutional rights and to assert equitable tolling, if any, of the statute of limitations for his claims against Defendant Prescod.

1

## BACKGROUND[1]

Plaintiff was arrested by Defendant Prescod on May 31, 2018.[2] (Dkt. 1, at ECF[3] 5, 9.) Among other things, upon arresting him in his apartment, Prescod "shov[ed] [Plaintiff] down the steps where [his] face hit the window," bloodying and bruising his eye and breaking his front teeth. (*Id.* at ECF 5, 7.) After transporting him to the police station, Prescod assaulted him and subjected him to racial slurs. (*Id.* at ECF 5.) Upon Plaintiff's release from Rikers Island, where he was detained for 17 days, he discovered "flyers of [his] face" posted all over his neighborhood, was continuously harassed by NYPD officers who followed him around and issued him tickets for "laws [he] didn't break," and was "involved in a hit and run from an NYPD vehicle." (*Id.* at ECF 6.) Plaintiff alleges that, as a result of these events, he had to sell his car, was fired from his job, and suffered "physical and mental trauma." (*Id.*) Plaintiff seeks $1 million in damages.

## STANDARD OF REVIEW

Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). However, under 28 U.S.C. §1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

---

[1] The Court accepts as true the non-conclusory factual allegations in Plaintiff's Complaint. *See Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (*en banc*). The Court only recites Plaintiff's allegations with respect to Defendant Prescod and unnamed NYPD officers because, as discussed below, his claims against the other Defendants are barred by immunity.

[2] Although the Complaint does not explain the charges on which Plaintiff was arrested, Plaintiff was later discharged and the criminal action against him was terminated. (*See* Dkt. 1, ECF 9–10.)

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

The Court construes the complaint liberally to be asserting claims arising under 42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). Accordingly, to state a claim pursuant to Section 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). A plaintiff seeking to recover damages pursuant to Section 1983 "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 678.

### I. State of New York

The Eleventh Amendment prevents damages actions against states in federal courts unless the state waives its immunity. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("Stated as simply as possible, the Eleventh Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their

3

Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." (internal quotation marks and citation omitted)). "[I]t is beyond dispute that the State of New York and its agencies have never consented to be sued in federal court." *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594–95 (2d Cir. 1990), *cert. denied*, 501 U.S. 1211 (1991). Moreover, Congress did not abrogate New York's Eleventh Amendment immunity by enacting Section 1983. *Quern v. Jordan*, 440 U.S. 332, 343–45 (1979). In fact, the Supreme Court has held that states and their agencies are not "persons" within the meaning of Section 1983. *Will v. Michigan Dep't. of the State Police*, 491 U.S. 58, 71 (1989); *Harris v. Mills*, 572 F.3d 66, 69–70 (2d Cir. 2009). Accordingly, all claims against New York are dismissed with prejudice. 28 U.S.C. § 1915 (e)(2)(B)(iii).

## II. Social Security Administration

"Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are" barred under the doctrine of sovereign immunity. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *see also Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) ("It is, of course, axiomatic under the principle of sovereign immunity that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." (internal quotation marks omitted)). "Moreover, waivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Adeleke*, 355 F.3d at 150. Accordingly, because there is no statutory waiver of sovereign immunity with respect to Plaintiff's claims that "[s]omeone hacked into" his social security information and that he "can no longer work due to [his] Social Security

issues," Plaintiff's claims against the SSA are dismissed with prejudice as barred by sovereign immunity.  28 U.S.C. § 1915 (e)(2)(B)(iii).

### III.  Detective Troy Prescod

"When filed in New York, section 1983 and 1985 claims are subject to a three-year statute of limitations, accruing 'when the plaintiff knows or has reason to know of the injury which is the basis of [his or her] action.'"  *Ward v. City of New York*, 777 F. App'x. 540, 542 (2d Cir. 2019) (summary order) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 79–80 (2d Cir. 2002)). "Although untimeliness is an affirmative defense, a complaint may be dismissed on this basis if the defense is plain from the face of the complaint."  *Id.* (citing *Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995)).  Dismissal "based on the statute of limitations is especially appropriate where . . . the injuries complained of occurred . . . well outside the applicable three-year limitations period, there are no applicable tolling provisions as a matter of law, and plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights."  *Pino*, 49 F.3d at 54. Plaintiff's allegations that Defendant Prescod used excessive force in arresting him, assaulted him, and used racial slurs against him at the precinct all fall outside of the applicable limitations period because Plaintiff was arrested on May 31, 2018—more than four years ago.  Accordingly, because Plaintiff does not allege any facts to indicate the applicability of equitable tolling here, Plaintiff's claims against Defendant Prescod are dismissed as untimely.

## LEAVE TO AMEND

Read liberally, the Complaint appears to allege ongoing violations of Plaintiff's constitutional rights by unidentified NYPD officers who have allegedly continued to harass and persecute Plaintiff after his release from detention and after the charges against him were dismissed, and have caused a "hit and run" that led to Plaintiff losing his car and his employment. Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, Plaintiff is

granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint. The amended complaint must give the date and location of the events giving rise to each Section 1983 claim, name the specific defendant(s) alleged to be responsible for each action or omission or identify them as John and/or Jane Does, explain exactly what each defendant did or failed to do, and explain how that action or omission led to a deprivation of his federal constitutional or statutory rights. Moreover, to the extent Plaintiff seeks to assert equitable tolling of the three-year statute of limitations on his claims against Defendant Prescod related to his 2018 arrest, he must explain the factual basis for such tolling. Plaintiff is informed that any amended complaint will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Memorandum and Order.

## CONCLUSION

Plaintiff's claims against all named defendants are dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If Plaintiff fails to amend the complaint within 30 days as directed by this Memorandum and Order, the case will be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 30, 2022
Brooklyn, New York