UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
HOSSAM ARAFA,

               Plaintiff,

      - against -

NYPD; and T. PRESCOD, #4974,

               Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-4475 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

By Memorandum and Order dated March 9, 2023, the Court granted Plaintiff leave to amend his Complaint.[1] (Dkt. 11.) Plaintiff filed an Amended Complaint on April 6, 2023. (Dkt. 12.) For the reasons stated below, Plaintiff's claim against the New York City Police Department ("NYPD") is dismissed for failure to state a claim upon which relief may be granted. However, Plaintiff's malicious prosecution claim against Detective Troy Prescod ("Prescod") will proceed.

## BACKGROUND

Plaintiff's Amended Complaint asserts claims of false arrest, false imprisonment, and malicious prosecution against the NYPD and Prescod. (Dkt. 12, at ECF[2] 5.) Plaintiff alleges that Defendant Prescod entered his home without a search warrant on May 31, 2018. (*Id.* at ECF 6.) Prescod allegedly searched Plaintiff's home and took Plaintiff to the 111th Precinct. (*Id.*) At the Precinct, Plaintiff was questioned for eight hours and then "transferred to Queens County Court, where [he] was held for an extra day[.]" (*Id.* at ECF 7.) "[S]hortly after," Plaintiff was transferred

---

[1] The Complaint was originally filed on July 18, 2022, in the United States District Court for the Southern District of New York. (Dkt. 1.)

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

to Rikers Island and held for 17 days. (*Id.*) Plaintiff claims he was falsely charged with burglary in the third degree, grand larceny in the third and fourth degrees, and criminal mischief in the second and fourth degrees. (*Id.*) On February 27, 2020, the criminal charges were dismissed. (*Id.* at ECF 9.) Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

## DISCUSSION

The Court construes the allegations of false arrest, false imprisonment, and malicious prosecution raised in Plaintiff's Amended Complaint liberally to assert claims arising under 42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S.

2

377, 383 (2012) (quoting 42 U.S.C. § 1983). Accordingly, to state a claim pursuant to Section 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). A plaintiff seeking to recover damages under Section 1983 "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 678.

I. **Plaintiff's Claims Against the NYPD**

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the City of New York and not that of any agency except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. The NYPD is an organizational subdivision of the City of New York and as such is not a suable entity. *See, e.g.*, *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[The plaintiff] sued the City of New York and the NYPD separately. The district court correctly noted that the NYPD is a non-suable agency of the City."); *Antonetti v. City of New York*, No. 20-CV-5109 (BMC) (JRC), 2022 WL 1105172, at *2 (E.D.N.Y. Apr. 13, 2022) (dismissing claims against NYPD 103rd Precinct pursuant to Section 396). Therefore, all of Plaintiffs' claims against the NYPD are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

II. **Plaintiff's Claims Against Defendant Prescod**

Section 1983 does not set forth a specific statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 239 (1989) (noting "Congress's failure to provide a specific statute of limitations to govern § 1983 actions"). Thus, "courts apply the statute of limitations for personal injury actions under state law." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing *Owens*, 488 U.S. at

3

249–51). "Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations." *Id.*; *Perez v. Cnty. of Nassau*, 294 F. Supp. 2d 386, 389 (E.D.N.Y. 2003). As to when the limitations period begins to run, that is "a question of federal law, conforming in general to common-law tort principles." *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) (citation and quotation marks omitted).

"For claims of malicious prosecution under Section 1983, the applicable limitations period does not accrue until there is a favorable termination of the plaintiff's criminal proceedings." *Izeh v. City of New York*, No. 23-CV-0194, 2023 WL 2088180 (LTS), at *2 (S.D.N.Y. Feb. 16, 2023) (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)). Here, the charges against Plaintiff were dismissed on February 27, 2020, and the instant action was filed on July 18, 2022. Thus, Plaintiff's claim for malicious prosecution is timely.

However, the Court dismisses Plaintiff's claims for false arrest and false imprisonment as time-barred. "For false arrest and false imprisonment—the 'former' of which 'is a species of the latter'—th[e] limitations period begins to run when the alleged false imprisonment ends." *Dorsainvil v. City of New York*, No. 19-CV-02323 (RPK), 2020 WL 6482348 at *3 (E.D.N.Y. Nov. 4, 2020) (citing *Wallace v. Kato*, 549 US. 384, 388 (2007)). And "where the arrest is followed by criminal proceedings," the false imprisonment ends when "the claimant becomes detained pursuant to legal process." *Id.*

Here, in his Amended Complaint, Plaintiff alleges that he was arrested on May 31, 2018, and thereafter "transferred to Queens County Court[,]" (Dkt. 12, at ECF 7), suggesting that his Section 1983 false arrest and false imprisonment claims accrued on or about that date, which would render these claims time-barred because they were filed after the three-year statute of limitations period. In its August 30, 2022 Order, the Court informed Plaintiff that to the extent he seeks to

4

assert equitable tolling on his claims against Prescod related to his 2018 arrest, he must explain the factual basis for such tolling. (Dkt. 6, at 6.) In the Second Circuit, equitable tolling is applied only in "rare and exceptional circumstances," where a party was prevented from timely performing a required act by "extraordinary circumstances" and where that party "acted with reasonable diligence throughout the period he [seeks] to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (citing *Doe v. Menefee*, 391 F.3d 137, 159 (2d Cir. 2004)). Plaintiff's Amended Complaint fails to assert a basis for equitable tolling. The Court, therefore, dismisses Plaintiff's claims against Defendant Prescod for false arrest and false imprisonment, but allows his malicious prosecution claim to proceed.

## CONCLUSION

Accordingly, it is:

Ordered that Plaintiff's Amended Complaint filed, *in forma pauperis*, is dismissed against the New York City Police Department. *See* 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to this Defendant; it is further,

Ordered that the Clerk of Court is directed to prepare a summons for Detective Troy Prescod, Shield No. 4974; it is further,

Ordered that the United States Marshals Service serve this Order, the summons, and Amended Complaint upon Detective Troy Prescod, who is alleged to be employed at the 111th Police Precinct in Queens, NY, without prepayment of fees; it is further,

Ordered that the Clerk of Court send a courtesy copy of the Amended Complaint and this Order to Corporation Counsel, the Special Federal Litigation Division.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 2, 2023
      Brooklyn, New York